

FILED
DEC 12 2011
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| INTEGRO SERVICES GROUP, INC. | CIV. 11 - 4183 |
| Plaintiff, | |
| vs. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| SWI ENERGY, L.L.C., | |
| Defendant. | |

**Comes now**, the above-named Plaintiff, Integro Services Group, Inc., by and through its attorney of record, Gary W. Schumacher, of Wilkinson & Wilkinson, De Smet, South Dakota, and for its Complaint against the above-named Defendant, SWI Energy, L.L.C., states and alleges as follows:

PARTIES

1. The Plaintiff, Integro Services Group, Inc. (hereinafter referred to as "ISG"), is a South Dakota Corporation, with its principal place of business in Worthing, South Dakota.

2. The Defendant, SWI Energy, L.L.C. (hereinafter referred to as "SWI"), is a Colorado limited liability company, with its principal place of business at 630 County Road 173, Westcliffe, CO 81252.

JURISDICTION

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §

1

1332 based upon complete diversity of citizenship of the Plaintiff and the Defendants.

4. The actual amount in controversy, exclusive of interest and cost, exceeds $75,000.00.

5. Venue is proper in the Southern Division of the District of South Dakota pursuant to 28 U.S.C. § 1391 as the Services Agreement, which is the subject of this cause of action, consents to jurisdiction and venue before this Court.

## FACTS

6. On or about May 5, 2008, Integro Energy Group, Inc. and SWI entered into a Services Agreement, which is the subject of this cause of action, a true and correct copy of which is identified as Exhibit A, attached hereto, and incorporated by reference as if set forth fully herein.

7. In June of 2009, SWI breached said Services Agreement by failing to pay the monthly compensation due to Integro Energy Group, Inc., in the amount of $25,000.00.

8. In spite of SWI's breach, Integro Energy Group, Inc. continued to perform under said Services Agreement.

9. From June of 2009 to January of 2010, SWI continued to reassure Integro Energy Group, Inc. that Integro would be paid if Integro continued to perform under said Services Agreement.

10. In January of 2010, ISG became the successor in interest to Integro Energy Group, Inc., related to said Services Agreement.

11. In January of 2010, SWI agreed to accept ISG as the Consultant identified

under said Services Agreement, and SWI further reassured ISG that ISG would be paid if ISG continued to perform under said Services Agreement.

12. ISG is the real party in interest relating to said Service Agreement.

13. After January of 2010, ISG continued to perform as the Consultant under said Services Agreement.

14. As of February of 2010, SWI remained in breach of said Services Agreement, for failure to pay the monthly compensation due to ISG, in the aggregate amount of $186,111.17.

15. In February of 2010, SWI made a payment of $50,000 to ISG, and the resulting aggregate amount owed by SWI to ISG was reduced to $136,111.17.

16. In March of 2010, SWI made a payment of $26,353.05; and an aggregate balance of $109,758.12 remained.

17. In April of 2010, SWI made a payment of $25,039.10; and an aggregate balance of $109,758.12 remained.

18. In May of 2010, SWI made a payment of $25,637.96; and an aggregate balance of $109,758.12 remained.

19. In June of 2010, SWI made a payment of $26,076.77; and an aggregate balance of $109,758.12 remained.

20. In July of 2010, SWI made a payment of $25,000.00; and an aggregate balance of $109,758.12 remained.

21. In August of 2010, SWI made a payment of $26,204.15; and an aggregate balance of $109,758.12 remained.

22. In September of 2010, SWI made a payment of $25,000.00; and an aggregate balance of $109,758.12 remained.

23. In October of 2010, SWI made a payment of $27,140.98; and an aggregate balance of $109,758.12 remained.

24. In November of 2010, SWI made a payment of $26,710.35; and an aggregate balance of $109,758.12 remained.

25. As of November 30, 2010, SWI owed ISG $136,031.14.

26. After November of 2010, ISG continued to perform services under said Services Agreement, as well as facilitating scrapping and salvage operations in Alton, Illinois.

27. The scrapping and salvaging operations generated cash, which was used to pay expenses incurred in scrapping and salvaging.

28. The net income from the scrapping and salvaging was split by ISG and SWI.

29. The overall result of the actions between the parties, is that, on March 7, 2011, SWI remained in continuing and material breach of said Services Agreement by failing and refusing to pay ISG, in the aggregate amount of approximately $129,249.30.

## COUNT I

## BREACH OF CONTRACT

The Plaintiff restates and incorporates by reference paragraphs 1 through 29 as set forth above, and further states and alleges as follows:

30. Said Services Agreement, constitutes a valid contract between ISG and

SWI.

31. ISG has performed its obligations under said Services Agreement.

32. SWI has materially breached said Services Agreement by failing to pay compensation due to ISG.

33. SWI's continued and material breach of said Services Agreement has caused ISG to suffer damages of approximately $129,249.30, as well as other damages.

## PRAYER FOR RELIEF

Wherefore, this Plaintiff respectfully prays that this Court enter an Order of the following:

A. The entry of judgment in excess of $75,000 and in an exact amount to proven at trial against Defendant, for breach of contract.

B. Awarding the Plaintiff its attorney's fees, costs and disbursements incurred in prosecuting this action.

C. Awarding the Plaintiff applicable pre-judgment and post-judgment interest; and

D. For other such and further relief this Court may deem equitable in the premises.

Dated this 12th day of December, 2011.

WILKINSON & WILKINSON

Gary W. Schumacher
103 Joliet Avenue SE
P.O. Box 29
De Smet, South Dakota 57231
(605) 854-3378 telephone
(605) 854-9006 facsimile
gary@wslawfirm.net
*Attorneys for the Plaintiff, Integro Services Group, Inc.*

5

## DEMAND FOR JURY TRIAL

## DESIGNATION OF PLACE FOR TRIAL

The Plaintiff respectfully demands trial by jury; and the Plaintiff designates Sioux Falls, South Dakota as the place for trial.

*Gary W. Schumacher*
Gary W. Schumacher