FILED
OCT 0 4 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| INTEGRO SERVICES GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SWI ENERGY, L.L.C., ) <br> ) <br> Defendant/Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTEGROENERGY GROUP, INC., ) <br> ) <br> Third-Party Defendant. ) | Cause No: CIV. 11-4183 <br><br> **JURY TRIAL DEMANDED** |

### THIRD-PARTY COMPLAINT

Third-Party Plaintiff, SWI Energy, L.L.C., ("SWI") by and through its undersigned counsel, and for its Third-Party Complaint against Third-Party Defendant IntegroEnergy Group, Inc., ("IEG") states as follows:

1.  Third-Party Plaintiff SWI Energy, L.L.C. is a Colorado limited liability company with its principal place of business in Westcliffe, Colorado.

2.  Upon information and belief, Third-Party Defendant IntegroEnergy Group, Inc. is a South Dakota corporation with its principal place of business in Utica, South Dakota.

#### Jurisdiction and Venue

3.  This Court has jurisdiction to hear this Third-Party Complaint pursuant to 28 U.S.C. §1332 based upon complete diversity of citizenship of the Third-Party Plaintiff and Third-Party Defendant.

4.  The actual amount in controversy, exclusive of interest and cost, exceeds $75,000.

5. Venue in this Court is proper pursuant to the services agreement, entered into between Third-Party Plaintiff and Third-Party Defendant, that is the subject of this Third-Party Complaint. The services agreement contains a forum selection clause indicating venue shall lie in the United States District Court for the District of South Dakota at Sioux Falls.

### Breach of Contract

6. On May 5, 2008, SWI and IEG entered into a services agreement (the "Contract") pursuant to which IEG, as the Consultant, agreed to:

   (i) Provide reasonable and ancillary engineering, design, drafting and other services as may be reasonably requested by SWI;

   (ii) Provide to SWI weekly reports detailing the progress of the services provided under the Contract;

   (iii) Serve as SWI's representative for all contracts or subcontracts for the project;

   (iv) Provide project management for all contracts and sub-contracts for the project;

   (v) Provide on site engineering services, to include observation and validation of contractor's work, verifying that work performed complies with specifications identified. Monitoring of contractor's work so as to ensure compliance with safety procedures established by SWI, compliance with generally accepted construction techniques, and progressing so as to comply with the overall construction schedule;

   (vi) Maintain a schedule to support the coordination of all ancillary services, as well as tasks within SWI's responsibility, to support the start up of the plant;

   (vii) Professional engineering oversight of the on-site support engineer;

   (viii) Resourcing and coordination of ancillary contracts to ensure completion of the tasks within SWI's responsibility as defined in the contracts supporting the project, as well as additional requirements identified by SWI; and

   (ix) Professional engineer site visits as necessary, no less than twice per month.

See Exhibit A, Services Agreement attached and incorporated herein by reference.

7. SWI performed all of its obligations pursuant to the Contract.

8. IEG failed to perform its obligations under the Contract and breached the Contract by:

(1) failing to provide reasonable and ancillary engineering, design, drafting and other services;

(2) failing to provide weekly reports to SWI detailing the progress of the services to be provided by IEG under the Contract;

(3) failing to serve as SWI's representative for all contracts or subcontracts for the project;

(4) failing to provide project management for all contracts and sub-contracts for the project;

(5) failing to provide onsite engineering services, to include observation and validation of the contractor's work, verifying that work performed complies with specifications identified;

(6) failing to monitor contractor's work so as to ensure compliance with safety procedures established by SWI, compliance with generally accepted construction techniques, and progressing so as to comply with the overall construction schedule;

(7) failing to maintain a schedule to support the coordination of all ancillary services, as well as tasks within SWI's responsibility, to support the start up of the plant;

(8) failing to provide professional engineering oversight of the on-site support engineer;

(9) failing to resource and coordinate ancillary contracts to ensure completion of the tasks within SWI's responsibility as defined in the contracts supporting the project, as well as additional requirements identified by SWI; and

(10) failing to provide professional engineer site visits as necessary, no less than twice per month.

9. As a result of IEG's breaches of the Contract, SWI has sustained millions of dollars in damages.

WHEREFORE, Third-Party Plaintiff SWI Energy, L.L.C. requests the Court grant judgment in its favor and against Third-Party Defendant IntegroEnergy Group, Inc., for its attorney's fees expanded in the prosecution of this Third-Party Complaint and for such other and further relief as the Court deems just and proper.

Dated this 4th day of October, 2012.

MAY & JOHNSON, PC

_____
John H. Billion
Eric D. DeNure
P.O. Box 88738
Sioux Falls, SD 57109
(605) 336-2565; (605) 336-2604 facsimile
jbillion@mayjohnson.com
edenure@mayjohnson.com

SUMMERS COMPTON WELLS, P.C.

Jill R. Rembusch,
Petya B. Beltcheva, 58690MO
8909 Ladue Road
St. Louis, MO  63124
(314) 991-4999; (314) 991-2413 – facsimile
jrembusch@summerscomptonwells.com
pbeltcheva@summerscomptonwells.com
Counsel for Defendant/Counterclaim Plaintiff SWI Energy, L.L.C.

## CERTIFICATE OF SERVICE

The certify that on October 4, 2012, this paper was filed electronically and served with the Clerk of the Court to be served by operation of the Court's electronic filing system on the following counsel of record:

Gary W. Schumacher
103 Jolie Avenue SE
P.O. Box 29
De Smet, South Dakota 57231
Attorney for Plaintiff/Counterclaim Defendant

_____
John H. Billion