UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| INTEGRO SERVICES GROUP, INC. | CIV. 11 - 4183 |
| Plaintiff, | |
| vs. | AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| Green Investment Group, Incorporated, IndiGreen, L.L.C., Serenity Enterprises, LTD. Raymond Stillwell, Mark Spizzo, and Peggy Stillwell, | |
| Defendants. | |

**Comes now**, the above-named Plaintiff, Integro Services Group, Inc., by and through its attorney of record, Gary W. Schumacher, of Wilkinson & Wilkinson, De Smet, South Dakota, and for its Amended Complaint against the above-named Defendants: Green Investment Group, Incorporated; IndiGreen, LLC; Serenity Enterprises, LTD; Raymond Stillwell; Mark Spizzo; and Peggy Stillwell; states and alleges as follows:

PARTIES

1. The Plaintiff, Integro Services Group, Inc. (hereinafter referred to as "ISG"), is a South Dakota Corporation, with its principal place of business in Sioux Falls, South Dakota.

2. The (former) Defendant, SWI Energy, L.L.C. (hereinafter referred to as "SWI"), is a Colorado limited liability company, with its principal place of business at

1

630 County Road 173, Westcliffe, CO 81252. The members of SWI Energy, LLC are Mark Spizzo and Raymond Stillwell. The Defendant Green Investment Group, Incorporated is an Illinois Corporation with its principal place of business being 601 East 3rd Street, Alton Illinois, and its owners being Raymond Stillwell and Mark Spizzo. Serenity Enterprises, LTD. is an Illinois Corporation with its President being Peggy Stillwell and its address being 917 Henry Street, Alton Illinois (*See* Attachment A). IndiGreen, LLC is a Colorado Limited Liability Company, managed by Raymond Stillwell, with its principal place of business being 630 County Road 173, Westcliffe, Colorado, (*See* Attachment B) with its members being Serenity Enterprises and Mark Spizzo. (*See* Attachment C). Raymond Stillwell, Peggy Stillwell, and Mark Spizzo are residents of Illinois.

## JURISDICTION

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship of the Plaintiff and the Defendants.

4. The actual amount in controversy, exclusive of interest and cost, exceeds $75,000.00.

5. Venue is proper in the Southern Division of the District of South Dakota pursuant to 28 U.S.C. § 1391 as the Services Agreement, which is the subject of this cause of action, consents to jurisdiction and venue before this Court.

## FACTS

6. On or about May 5, 2008, Integro Energy Group, Inc. and SWI entered into a Services Agreement, which is the subject of this cause of action, a true and correct

copy of which is identified as Exhibit A (*see also* Case 4:11-cv-04186, ECF doc. 1-1), attached hereto, and incorporated by reference as if set forth fully herein.

7. In June of 2009, SWI breached said Services Agreement by failing to pay the monthly compensation due to Integro Energy Group, Inc., in the amount of $25,000.00.

8. In spite of SWI's breach, Integro Energy Group, Inc. continued to perform under said Services Agreement.

9. From June of 2009 to January of 2010, SWI continued to reassure Integro Energy Group, Inc. that Integro would be paid if Integro continued to perform under said Services Agreement.

10. In January of 2010, ISG became the successor in interest to Integro Energy Group, Inc., related to said Services Agreement.

11. In January of 2010, SWI agreed to accept ISG as the Consultant identified under said Services Agreement, and SWI further reassured ISG that ISG would be paid if ISG continued to perform under said Services Agreement.

12. ISG is the real party in interest relating to said Service Agreement.

13. After January of 2010, ISG continued to perform as the Consultant under said Services Agreement.

14. As of February of 2010, SWI remained in breach of said Services Agreement, for failure to pay the monthly compensation due to ISG, in the aggregate amount of $186,111.17.

15. In February of 2010, SWI made a payment of $50,000 to ISG, and the

resulting aggregate amount owed by SWI to ISG was reduced to $136,111.17.

16. In March of 2010, SWI made a payment of $26,353.05; and an aggregate balance of $109,758.12 remained.

17. In April of 2010, SWI made a payment of $25,039.10; and an aggregate balance of $109,758.12 remained.

18. In May of 2010, SWI made a payment of $25,637.96; and an aggregate balance of $109,758.12 remained.

19. In June of 2010, SWI made a payment of $26,076.77; and an aggregate balance of $109,758.12 remained.

20. In July of 2010, SWI made a payment of $25,000.00; and an aggregate balance of $109,758.12 remained.

21. In August of 2010, SWI made a payment of $26,204.15; and an aggregate balance of $109,758.12 remained.

22. In September of 2010, SWI made a payment of $25,000.00; and an aggregate balance of $109,758.12 remained.

23. In October of 2010, SWI made a payment of $27,140.98; and an aggregate balance of $109,758.12 remained.

24. In November of 2010, SWI made a payment of $26,710.35; and an aggregate balance of $109,758.12 remained.

25. As of November 30, 2010, SWI owed ISG $136,031.14.

26. After November of 2010, ISG continued to perform services under said Services Agreement, as well as facilitating scrapping and salvage operations in Alton,

Illinois.

27. The scrapping and salvaging operations generated cash, which was used to pay expenses incurred in scrapping and salvaging.

28. The net income from the scrapping and salvaging was split by ISG and SWI.

29. The overall result of the actions between the parties, is that, on March 7, 2011, SWI remained in continuing and material breach of said Services Agreement by failing and refusing to pay ISG, in the aggregate amount of approximately $129,249.30.

30. SWI filed for bankruptcy protection in Illinois, under Chapter 11 of the Bankruptcy Code. The claim filed in the Bankruptcy Court by Plaintiff was disallowed, the Bankruptcy Court approved a plan for reorganization of SWI, with the funding for reorganization to be supplied by Defendant IndiGreen (whose members are Serenity Enterprises (owned by Peggy Stillwell) and Mark Spizzo).

31. The services performed for (former) defendant SWI consisted (in part) of services on all of Green Investment Group, Inc.'s (GIGI) with the exception of the site in Missoula, Montana. GIGI received benefits from the services performed, and in fact made some of the monthly payments disbursed to Plaintiff. Most of those checks were executed by Peggy Stillwell.

32. There is no distinction between the services provided for (former) Defendant SWI, and the services provided for GIGI. There is no distinction between the owners of GIGI and the owners of (former) Defendant SWI. The corporate representation of the defendants is purely illusive, purely created to obscure the true

participants, with co-mingling of funds and admitted obscuration of corporate boundaries.

33. The illusion of the corporate distinctions of the Defendants is such that piercing of the corporate shield is appropriate, thereby holding the individual Defendants Raymond Stillwell, Mark Spizzo, and Peggy Stillwell jointly and severally liable for the claims presented by the Plaintiff.

## COUNT I

## BREACH OF CONTRACT

The Plaintiff restates and incorporates by reference paragraphs 1 through 33 as set forth above, and further states and alleges as follows:

34. Said Services Agreement, constitutes a valid contract between ISG and Defendants.

35. ISG has performed its obligations under said Services Agreement.

36. Defendants have materially breached said Services Agreement by failing to pay compensation due to ISG.

37. Defendants continued and material breach of said Services Agreement has caused ISG to suffer damages of approximately $129,249.30, as well as other damages.

## PRAYER FOR RELIEF

Wherefore, this Plaintiff respectfully prays that this Court enter an Order of the following:

　　A.　The entry of judgment in excess of $75,000 and in an exact amount to proven at trial against Defendants, jointly and severally, for breach of contract.

　　B.　Awarding the Plaintiff its attorney's fees, costs and disbursements incurred in prosecuting this action.

C.      Awarding the Plaintiff applicable pre-judgment and post-judgment interest; and

D.      For other such and further relief this Court may deem equitable in the premises.

Dated this 14th day of January, 2015.

                        WILKINSON & WILKINSON

                        */s/ Gary W. Schumacher*
                        Gary W. Schumacher
                        103 Joliet Avenue SE
                        P.O. Box 29
                        De Smet, South Dakota 57231
                        (605) 854-3378  telephone
                        (605) 854-9006  facsimile
                        gary@wslawfirm.net
                        *Attorneys for the Plaintiff, Integro Services Group, Inc.*

## DEMAND FOR JURY TRIAL

## DESIGNATION OF PLACE FOR TRIAL

The Plaintiff respectfully demands trial by jury; and the Plaintiff designates Sioux Falls, South Dakota as the place for trial.

                        */s/ Gary W. Schumacher*
                        Gary W. Schumacher